**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LARRY DAVIS,

                Plaintiff,

        -v-                                          9:24-CV-384 (AJB/MJK)

LISA WESTMILLER,

                Defendant.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

LARRY DAVIS
Plaintiff, Pro Se
12-A-1804
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On March 20, 2024, *pro se* plaintiff Larry Davis ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that various defendants violated his constitutional rights while he was being housed at Auburn Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3. The matter was initially assigned to U.S. District Judge Mae A. D'Agostino.

On April 25, 2024, Judge D'Agostino granted plaintiff's IFP Application and, after an initial review of his pleading, determined that plaintiff's § 1983 Eighth Amendment medical indifference claim against defendant Westmiller required a response. Dkt. No. 4. Thereafter, defendant

Westmiller answered, Dkt. No. 16, and the parties completed a period of discovery, *see* Dkt. No. 25. After the matter was reassigned to this Court, Dkt. No. 19, defendant moved for summary judgment. Dkt. No. 27. Plaintiff sought and received several extensions of time in which to respond, Dkt. Nos. 29, 30, 32, 33, 34, 35, but never filed an opposition.

On January 21, 2026, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") that defendant's motion for summary judgment be granted and plaintiff's complaint be dismissed. Dkt. No. 36. As Judge Katz explained, even accounting for plaintiff's version of events, defendant exercised her professional judgment and made a discretionary determination that plaintiff should be moved to the Residential Crisis Treatment Program. No reasonable juror could conclude that this decision violated plaintiff's Eighth Amendment rights.

Plaintiff has not lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 36. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 36) is ACCEPTED;

2. Defendant's motion for summary judgment (Dkt. No. 27) is GRANTED; and

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: February 17, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge